George Andrews, J.,
delivered the opinion of the Court.
This action was brought by Cobb and others, the plaintiffs in error, against the defendant Wallace, in the Circuit Court for Davidson County, to recover the value and the hire of a barge owned by the plaintiffs, and theretofore hired by them to the defendant.
The declaration in different counts, charges the defendant for breach of a contract of hire, in failing to re-deliver the barge; for negligence in keeping the barge, whereby it was lost to the plaintiffs, etc. The third count is for the conversion of the barge- by the defendant.
*541 Several pleas were filed by the defendant, one of which was in substance, that, against his will and without any default upon his part, the barge was taken from his possession by the military authorities of the United States, and by them converted to their own use.
The evidence in the record tends to show the following state of facts:
In December, 1863, the plaintiffs’ barge being at Hawesville, Ky., a place on the Ohio River, and having then on board a load of coal, the defendant purchased the coal from the plaintiffs, and at the same time hired the barge at the rate of three dollars per day, for the purpose of conveying the coal to Nashville. These bargains were made in parol between the defendant in person, and D. Looney & Co., the agents of the plaintiffs. There is evidence tending to prove that this parol contract of hiring, was, that the defendant should employ the barge to convey said load of coal to Nashville, and that the barge should be returned to the plaintiffs at Hawesville, as soon as the coal could be taken to Nashville and discharged; and that no authority was given to defendant to use the barge in any other manner, or for any other purpose. Soon after the making of these contracts, the barge, with its cargo of coal, was delivered to J. W. Ross, the agent of the defendant, who executed and delivered to D. Looney & Co., the following receipt:
“Hawesville, December 12, 1863,
“Received from D. Looney & Co., one Barge ‘Aurora, No. 8,’ containing one thousand one hundred and sixtv-six bushels of coal, which I agree to pay D. *542 Looney & Co., at Louisville, at the rate of. twenty cents per bushel. And I further agree to hire said barge, ‘Aurora, No. 8,’ and pay D. Looney & Co., three dollars per day from this date, until the barge is returned at Hawesville, in good order.
“J. W. Ross, agent of W. B. Wallace.”
The barge arrived at Nashville, and was unloaded early in January, 1864. The defendant then retained it, and for some length of time, employed it in the business of transporting wood upon Stone River. Looney, one of the plaintiffs’ agents, called upon defendant frequently, both by letter and personal application, for the return of the barge, within six weeks of the hiring, and frequently after that time, until he heard of its seizure as hereinafter stated. About the middle of April, 1864, the defendant sent the barge from Nashville in charge of his agent, on its way to Hawesville, for the purpose of delivering it to the plaintiffs. But on its way thither, the barge was seized by persons in the military service of the United States, by what authority does not appear, and was appropriated to the use of the military authorities, and has never been recovered or returned to the plaintiffs.
The Circuit Judge instructed the jury as follows: “That it was his duty to construe the contract upon which this action was predicated; that in doing so, he would instruct them, that, under the contract, the defendants had it at their option to say when the contract was at an end; but that so long as they paid the stipulated hire for the barge, jf they so elected, they might continue to use the same, and that the *543 contract for the use of the barge would not be terminated until the defendant so elected; that they might look ' to the fact, that the plaintiffs had written letters to the defendant demanding the boat, after the commission of the act which was contended by plaintiffs to-constitute a conversion as a waiver of any rights that had enured to the plaintiffs, even had the facts in themselves been sufficient to cause a conversion; that the contract was in writing, and that it was a general contract of hiring; that parol testimony could not be looked to, to show that the boat was hired for a particular purpose, or that it was not to be used for a particular purpose; and that from all that appeared upon the face of the contract, the defendant might use it for any purpose he saw proper.”
We think that there is clearly error in the above charge. It assumes and positively declares that the written receipt or memorandum contains the true and only contract between the parties in regard to the hiring. The plaintiffs had introduced evidence from which the jury might have found that the contract for the hire of the barge had been made by parol some days previous to the giving of the receipt above mentioned, and that by the terms of this parol contract, the defendant was to use the barge only for the purpose of conveying the cargo of coal then on board, to Nashville, and the barge to be returned to the plaintiffs at Hawesville, as soon as the coal should be discharged. This parol contract, if proved, does not contradict, or vary the terms of the written memorandum. The plaintiffs had the right to have the question, whether *544 the parol contract had been made as alleged, and whether the writing introduced embraced all the terms of such previous parol 'contract, submitted to the jury; and it was error in the Court to withdraw this question of fact from the jury, and to decide it itself.
Intimately connected with this ruling of the Court, was the further instruction given: “that parol testimony could not be looked to, to show that the boat was hired for a particular purpose, or that it was not to be used for a particular purpose.”
This ruling also, we think, was erroneous. The rule is unquestioned, that parol evidence is inadmissible to contradict or vary the terms of a valid written instrument: 1 Green. Ev., sec. 275. But it is equally well settled, that the rule does not apply “in casés where the original contract was verbal and entire, and a ' part only of it was reduced to writing.” lb., sec. 284, a; 2 Pars, on Cont., (5th ed.,) page 553, note. The written memorandum in this case, so far as it includes a contract, is merely an agreement to pay for the hire- of the barge at a certain rate, until she should be returned to the plaintiffs. And parol, evidence of the circumstances under which, and the purpose for which it was hired, and of the terms of the previous verbal contract as to the length of time during which it might be retained and employed, does not contradict or vary the terms of the written instrument.
In Jeffery vs. Walton, 1 Stark, 267, in an action for not taking proper care of a horse hired by the defendant of the plaintiff, the following memorandum was made at the time of hiring: “Six weeks at two *545 guineas — Wm. Walton, Jr.” Said Lord Ellenborougb in that case: “The written agreement merely regulates the time of hiring and the rate of payment, and I shall not allow any evidence to be given by the plaintiff in contradiction of these terms; but I am of opinion that it is competent to the plaintiff to give in evidence, suppletory matter as a part of the agreement.” See also, decisions of this Court in Leinau vs. Smart, 11 Hum., 308; Dick vs. Martin, 7 Hum., 263.
But we think that the Circuit Judge also erred in his construction of the writing in question, even if we were compelled to consider it as the only evidence of a contract in the case. He instructed the jury, in substance, that, under it the defendant had it at his option, to say when the contract was at an end, and might continue to use the barge so long as he paid the stipulated hire; and that the contract for the hire would not be terminated until the defendant so elected.
In cases of bailment, where the contract is indefinite as to the time of its continuance, the bailee has not the arbitrary and exclusive right to determine at what time it shall terminate. If the bailment is for an explicitly declared purpose, it terminates whenever that purpose is accomplished. If the time be not fixed by agreement, or by the nature of the object to be accomplished, then the bailee must return the property whenever called upon, after a reasonable time; and what time is reasonable must be determined by the circumstances of each particular case: 2 Pars, on Cont., 128, 129. And therefore, to recur again to a question already discussed, if the written contract does, not in *546 its terms, specify the time of its continuance, parol evidence becomes necessary in order to enable the jury to determine what length of time is reasonable under the circumstances.
Still another objection may be urged against the charge of the Circuit Judge in this case. The jury were instructed, in substance, that the fact that the plaintiffs had written letters to the defendant, demanding the boat, after the commission of the act claimed by the plaintiffs as a conversion, was a waiver of the conversion.
We are not aware of the existence of such a doctrine. If the owner, with knowledge of the facts constituting the conversion, again take possession of the property converted, as owner, this will be evidence of a waiver of the conversion: Traynor vs. Johnson, 1 Head, 51. But, we know of no case where it is held that a demand on the part of the owner, for the return of his property, or any other effort made by him for its recovery, would be of itself, a waiver of a previous conversion. The law attaches no such penalty to attempts by the owner of wrongfully appropriated property, to recover its possession. Demand must be made in a large class of cases, before an action can be maintained for conversion. Still, the demand and refusal do not, in themselves, constitute the conversion, but are only the evidence of it: 2 Green. Ev., sec. 644; 1 Ch. Pld., 158. And it cannot be held that the demand which the law requires to be made before suit, should, of itself, operate to bar the right of action. If the defendant, without the consent of the plaintiffs, *547 and in violation of his contract, detained the barge, and employed it in a different place, and for a totally different purpose from that contemplated by the contract, the jury would have been authorized to find him guilty of a conversion, independently of the evidence furnished by repeated demand for its return, and the defendants’ refusal to return it: 2 Green. Ev., sec. 642. See the cases in Tennessee, collected in 1 Heis-kell’s Dig., 287. And we think such conversion would not be waived by a subsequent demand of the property.
The judgment of the Circuit Court must be reversed; and the cause remanded for a new trial.